# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EVERBANK, A FEDERAL SAVINGS ASSOCIATION,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD WHEELER, *et al*.,<br><br>    Defendants. | Case No. 2:09-CV-01080-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Defendant Canyon Community Bank, N.A.'s Motion to Consolidate (#81). Defendant National Title Company filed a response in opposition (#85) to which Canyon Community Bank replied (#86).

Canyon Community Bank ("Canyon") filed the present motion requesting that the Court consolidate two matters: (1) Case No. 2:09-cv-01080-KJD-RJJ, EverBank v. Edward Wheeler, et. al.,("the EverBank action"); and (2) Case No. 2:11-cv-00950-RCJ-RJJ, Canyon Community Bank v. National Title ("the Canyon action"). The EverBank action is set with a firm trial date of November 14, 2011. That action was filed on June 16, 2009. Despite knowing the allegations and factual basis

of that action since June 2009, Canyon waited until June 10, 2011 to file its separate action against its co-defendant in the EverBank action, National Title Company.[1]

The EverBank action alleges causes of action against Edward Wheeler, Canyon Community Bank and National Title Company for breach of contract, fraud, negligence, breach of the covenant of good faith and fair dealing, and unjust enrichment. Discovery in the EverBank action has closed, the parties have submitted the Joint Pre-trial Order and a trial date is set. The Canyon action alleges a cause of action for negligence against National Title and asserts that Canyon was a third-party beneficiary to the Master Closing Instructions entered between EverBank and National Title. Canyon seeks indemnity and contribution from National Title.

Federal Rule of Civil Procedure 42 (a)(2) allows a court to consolidate actions when they involve common questions of law or fact. Canyon has met that threshold condition for consolidation. However, in the EverBank action, fact discovery is closed and trial is set to begin in approximately five weeks. The Canyon action has not had a discovery or scheduling order issued, the court denied the motion for consolidation filed in that action, and dispositive motions are set for hearing on October 21, 2011. Furthermore, the legal issues and claims in the the Canyon action differ from those in the EverBank action. Therefore, the Court denies the motion to consolidate.

Accordingly, IT IS HEREBY ORDERED that Defendant Canyon Community Bank, N.A.'s Motion to Consolidate (#81) is **DENIED**.

DATED this 5th day of October 2011.

_____
Kent J. Dawson
United States District Judge

---

[1] Presumably, Canyon filed a separate action because it missed the scheduling deadline to amend its answer/counterclaim in the Everbank action.